## SUPREME COURT.

ROBERT WATTS and others agt. JONATHAN AIKIN and others.

An appeal from a *surrogate's* order, admitting or refusing to admit a will to probate, should, in the *first instance*, be heard at *general term*.

*Dutchess General Term, Poughkeepsie, July,* 1850.—*Justices* MORSE, BARCULO, and BROWN.

T. C. CAMPBELL and H. ANGEVINE, *for appellants.*

H. SWIFT and B. BAILEY, *for respondents.*

By the Court, BARCULO, Justice.—The question is presented by this case whether an appeal from the surrogate's order, admitting a will to probate can be heard, in the first instance, at the general term.

Under the Revised Statutes such appeals were made to and heard by a circuit judge. By the 16th section of Judiciary Act of 1847, it is declared that the *Justices* of the Supreme Court shall possess the powers and exercise the jurisdiction now possessed and exercised by the justices of the present Supreme Court, chancellor, vice-chancellors, and *circuit judges,*" &c. This section transfers the former powers of the circuit judges to the *Justices* of the Supreme Court and not the court itself. Under this provision alone, therefore, such appeals could not be brought to this court.

But the 17th section contains this clause : " appeals may be brought from the decisions, decrees or orders of the county judge, acting as surrogate, *or other officer,* acting as such, in all cases where appeals may now be brought from surrogates to the chancellor or circuit judge ;" and

by a subsequent clause it is provided "that the appeals hereby authorized shall be brought to the Supreme Court organized by this act."

The question then arises whether the phrase, "other officers," includes the surrogate, so as to make appeals from his decisions, admitting or refusing to admit, a will to probate, appealable to this court.   My first impression was that the term, other officers, referred solely to the district attorney, or local officers elected to perform the duties of county judge and surrogate.    But subsequent examination has satisfied me that my impression was incorrect; for the Judiciary Act of 1847, speaks constantly of the "officers elected to perform the duties of surrogate," and nowhere speaks of the surrogate in any other way.    In fact this phrase is substituted for the old title of "surrogate."    Thus, in section 33, it is provided that "in counties, in which the duties of surrogate are performed by a separate officer elected to perform the duties of surrogate," &c.    This clearly refers to *the surrogate.*

Again, section 37 declares "the county judge, or *other officer*, elected to perform the duties of the office of surrogate," &c., "when acting as surrogate," &c., shall possess the same powers, &c., as are now possessed by surrogates, &c.    Similar language is also used in the "act to provide for the election of certain judicial and other officers, and to fix their term of office," *passed, May* 12, 1847; and it may not be unimportant to notice that section 14 declares that separate officers, elected to perform the duties of surrogate, under the 14th section of article 6 of the constitution, shall be denominated "surrogate of their respective counties." The section of the constitution above referred to, probably originates the phrase, by providing that "in counties having a population exceeding forty thousand, the Legislature may provide for the election (not of a *surrogate*, but) of a separate officer to perform the duties of the office of surrogate."

I think, therefore, that the term *other officer*, in section 17 of the Judiciary Act, includes the officer usually denominated "surrogate;" and that, therefore, an appeal lies from the decision of the surrogate of Dutchess county to this court.    And if this be so, it is quite obvious that such appeal can and ought to be heard at the general term.    For the appeal being given to the Supreme Court, *organized by that act;* and that act, in defining the duties of the special terms of the court, not including this nor any other appeal, it follows that such appeals can be heard only at a *general term.*